**COMMERCIAL WATER SERVICES, INC., Appellant**

v.

**Kuo–Hsin CHANG; Sho–O Chang; Jose Garcia, acting chief of the Virgin Islands Police Department; Elroy Raymo, Police Officer; Cyclone Fencing, Inc.; Jane Doe, 1, A Police Officer; Joycelyn Bradshaw**

No. 01–4084.

United States Court of Appeals, Third Circuit.

Argued May 15, 2002.

Filed June 14, 2002.

Herbert Muriel, Esquire (Argued), Charlotte Amalie, St. Thomas.

Charles S. Russell, Jr., Esquire (Argued), Moore & Dodson, Charlotte Amalie, St. Thomas, Iver A. Stridiron, Attorney General, Elliott M. David, Solicitor General, Michael B. Law, Esquire (Argued), Office of the Attorney General of the Virgin

Islands, Department of Justice, Charlotte Amalie, St. Thomas.

Before AMBRO, FUENTES and GARTH, Circuit Judges.

### BENCH OPINION

AMBRO, Circuit Judge.

(The following is the bench opinion of the Court in the above-captioned matter:)

THE HONORABLE JUDGE AMBRO: We have conferred in this case and believe that we can render a bench opinion.

Garcia, Raymo and Bradshaw argue that because CWS' notice of appeal states that it is appealing the August 1, 2000 order, which dismissed the claims against the officers in their official capacities, the only issue presented in this appeal with respect to the officers is whether they can be sued in their official capacities. However, the notice of appeal also states that the August 1, 2000 order became final on October 10, 2001, indicating that CWS intended to appeal the final order and thus earlier orders as well. And I would note the *Shea v. Smith* case at 966 F.2d 127 (3d Cir.1992).

In any event, while the notice of appeal must "designate the judgment, order, or part thereof being appealed," under Federal Rule of Appellate Procedure 3(c)(1)(B), an appellant's failure to cite the correct order does not impede appellate review of issues that he clearly intended to raise so long as the appellee is not prejudiced. Again, the Shea case supports this as well Indep. *Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588 (D.C.Cir.2001). And also the *Troelstrup v. Index Futures Group, Inc.* case out of the Seventh Circuit in 1997 at 130 F.3d 1274 (7th Cir.1997).

CWS' brief makes it obvious that it meant to appeal the dismissal of all of its claims, and none of the appellees offers any reason to believe he was prejudiced by CWC's sloppy notice of appeal. Therefore, CWS's flawed notice of appeal should not limit the scope of our review.

As for the merits, the Changs are not state actors. Even if they were, they did not deprive CWS of any property owned by CWS, and in any event the Changs were entitled to good faith immunity. So the Changs are entitled to summary judgment.

The next issue is whether the claims against Garcia, Raymo and Bradshaw in their official capacities were properly dismissed. Yes. The territory officers acting in their official capacities are not "persons" under Section 1983.

Next, did the District Court correctly grant summary judgment in favor of Garcia, Raymo and Bradshaw in their individual capacities? Yes. They did not deprive CWS of any property and would have qualified immunity even if they had.

And then finally, if it is on appeal, we affirm the denial of the motion to add Mr. Moore as a defendant.